UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIANNE REOPELLE,

    Plaintiff,

v.                                                Case No. 14-C-411

CAROLYN COLVIN,

    Defendant.

## ORDER GRANTING EAJA FEES

Plaintiff won this Social Security appeal and now seeks fees under the Equal Access to Justice Act. The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In general, to be eligible for a fee award under this provision, four elements must be satisfied: (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application. *See Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 158 (1990).

In finding for the Plaintiff, I found error because the ALJ did not explain why he believed the Plaintiff's past work would allow for a sit/stand option, particularly given that her reason for not working anymore was the fact that she could not change positions. Treatment notes also reflected that problem. I therefore concluded it was unreasonable to believe that her past work, even generically, would have included a sit/stand option. I further questioned the ALJ's credibility finding, particularly the conclusion that the Plaintiff had received only "conservative" treatment.

The government nevertheless notes that the remand was potentially merely a technicality, given the likelihood that the Plaintiff could lose at Step 5, which the ALJ never reached. It also notes that strong language was not used in the order, which is sometimes an indication that the government's position was not substantially justified.

I conclude that fees should be awarded. If the remand is truly of limited practical importance, then the government could have conceded the point much earlier and stipulated to a remand, staking its hopes on Step 5. Moreover, being a pain case, it was also a case about credibility, and an ALJ needs to explain in more detail why he does not believe a claimant's testimony. The combination of these factors causes me to conclude that the government's position was not substantially justified.

The government also contests the number of hours spent by Plaintiff's counsel. As this court is itself aware, becoming familiar with the allegations of a Social Security claimant requires familiarization with an extensive medical record, and that requires time. Plaintiff's counsel seeks payment for some 69 hours of work, which includes briefs for the instant motion. I am satisfied that, on a medium-complexity case like this one, one and one-half weeks of work is not excessive.

2

Case 1:14-cv-00411-WCG   Filed 07/14/15   Page 2 of 3   Document 22

The motion for EAJA fees, including the petition for additional fees, is **GRANTED**. The government is directed to pay $13,092.75 in fees and $411.37 in costs to Plaintiff's attorney.

**SO ORDERED** this 14th day of July, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court